UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNMARIE GORDON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>TACOMA SELF STORAGE et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:25-cv-05246-DGE<br><br>ORDER ON MOTION TO DISMISS (DKT. NO. 15) |

　　　This matter comes before the Court on Defendant Tacoma Self Storage, LLC's motion to dismiss Plaintiff's complaint. (Dkt. No. 15.) Plaintiff did not respond.[1] For the reasons set forth, the motion to dismiss is GRANTED.

　　　On April 23, 2025, Plaintiff, who is proceeding pro se, filed a lawsuit against "Tacoma Self Storage" and Pierce County. (Dkt. No. 6.) She alleges Tacoma Self Storage sold the

---

[1] Under Local Civil Rule 7(b)(2), if a party fails to respond to an adverse motion, "such failure may be considered by the court as an admission that the motion has merit." However, even ignoring Plaintiff's failure to respond, her complaint is dismissed for lack of subject matter jurisdiction as discussed herein.

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 1

1 contents of two storage units while Plaintiff was "hospitalized against [her] justice civil rights."
2 (*Id.* at 5.) Tacoma Self Storage was allegedly told by a Western State social worker that Plaintiff
3 would pay the bill when she "got out." (*Id.*) Plaintiff claims damages for pain and suffering and
4 for all household items. (*Id.*) The original complaint contains no basis for jurisdiction.[2] (*Id.* at
5 3–5.)

6       On September 8, Defendant filed a motion to dismiss under Federal Rules of Civil
7 Procedure 12(b)(4) and 12(b)(5). (Dkt. No. 15.) Defendant mentions that Plaintiff's complaint
8 "fails to state a basis for jurisdiction" but primarily argues the complaint should be dismissed for
9 various procedural defects with service of process.[3] (*Id.* at 2.)

10       "A federal court is presumed to lack subject matter jurisdiction until [a] plaintiff
11 establishes otherwise." *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D.
12 Wash. 2021); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking
13 federal jurisdiction bears the burden of establishing these elements."). Federal courts have an
14 "independent obligation to determine whether subject matter jurisdiction exists, even in the
15 absence of a challenge from either party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

16       Here, Plaintiff provides no basis for jurisdiction in her initial complaint, nor her most
17 recent operative complaint. (Dkt. Nos. 6 at 3–5; 18 at 3–5.) Defendant noted as much in its
18 motion to dismiss but does not argue dismissal for lack of subject matter jurisdiction. (Dkt. No.

---

[2] Plaintiff filed an amended complaint on October 6, 2025. (Dkt. No. 18.) She adds "Western State Hospital" to the list of defendants but adds no corresponding allegations. (*Id.* at 2.) She checked boxes for both federal question and diversity jurisdiction, but the only information provided in support is the phrase "credit check" written as a basis for federal question jurisdiction. (*Id.* at 3.)

[3] Defendant argues it is a non-party to this lawsuit because it is a "legal entity that is not the defendant named in the Complaint." (Dkt. No. 15 at 5.) The Court need not analyze this argument because it has determined there is no basis for subject matter jurisdiction.

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 2

15 at 2.)  The sparse information Plaintiff added in the amended complaint does nothing to help.  (Dkt. No. 18 at 3–5.)  Looking at the allegations in the complaint and the docket as a whole, the Court cannot identify a basis for jurisdiction on either federal question or diversity grounds.  Accordingly, Plaintiff does not state a sufficient basis for federal subject matter jurisdiction over her case, and the Court DISMISSES the complaint for lack of subject matter jurisdiction.

Defendant's motion to dismiss (Dkt. No. 15) is GRANTED.  Plaintiff's complaint (Dkt. No. 18) is hereby DISMISSED without prejudice.

Dated this 14th day of October 2025.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 3